■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LEON WASHINGTON, Respondent.— On January 24, 1972 this court reversed an order of the Supreme Court, Kings County, entered March 23, 1971, which had granted respondent's *coram nobis* proceeding after a hearing (*People* v. *Washington,* 38 A D 2d 189). The decision and the order entered thereon in this court stated that the reversal was "on the law and the facts". Thereafter the respondent moved for reargument and to amend the order of reversal to state that the reversal was on the law alone. The motion was denied, with a memorandum, on March 29, 1972. Now, on the court's own motion, its decision denying the respondent's said motion is withdrawn and the order which was made thereon is vacated; and the following is substituted as the decision on said motion, as of March 29, 1972: Motion by respondent (1) for reargument or reconsideration of appeal from a final order of the Supreme Court, Kings County, entered March 23, 1971, which granted defendant's *coram nobis* application to vacate a judgment of the same court, rendered April 17, 1967, convicting him of murder in the first degree upon a jury verdict (this court, by its final order dated January 24, 1972, reversed said order on the law and the facts and denied the *coram nobis* application); and (2) to amend said order of this court so as to state that the reversal was on the law alone. Motion denied insofar as it is for reargument and granted insofar as it is to amend said order of this court. Decision and order of this court, both dated January 24, 1972, amended by striking therefrom the provision that the reversal is on the law and the facts and substituting therefor a provision that the reversal is on the law alone and that the findings of fact of the trial court, if any, are affirmed. When the appeal was decided the majority of the court were of the opinion that an issue of fact was presented by the record by reason of the fact that (1) the defendant claimed in his petition and affidavit in support of his *coram nobis* proceeding that he did not know that it was a fundamental error on the part of the prosecutor to fail to reveal at the trial that he had promised to help a prosecution witness, Anderson, with respect to a gun charge against him and that because of his (defendant's) ignorance as to this he (defendant) did not tell his attorney that Anderson had told him of the prosecutor's promise and (2) the defendant's attorney told the court at the *coram nobis* hearing that he indeed had been told that Anderson had told defendant of the prosecutor's promise. However, at the hearing the defendant did not testify or otherwise give evidence to support the above-mentioned claims in his papers and we are now of the opinion that his attorney's statement to the court was a definite concession that he had knowledge, at the time of the trial, of the promise in question. We are now of the opinion that our reliance on the statement of defendant's attorney at the hearing was not upon the basis of our making a finding of fact but rather that there was no disputed issue of fact on the subject, so that our determination was on the law alone. Defendant's *motion is deemed to be also an application pursuant to CPL 460.20 for a* certificate granting leave to appeal to the Court of Appeals from the above-mentioned final order of this court dated January 24, 1972; and as to such relief it is referred to Hon. Fred J. Munder, an Associate Justice of this court. Munder, Acting P. J., Martuscello, Latham, Shapiro and Brennan, JJ., concur.

Application by defendant for a certificate granting permission to appeal further to the Court of Appeals pursuant to CPL 460.20 granted by Mr. Justice Munder. A certificate is herewith made granting defendant permission to appeal further to the Court of Appeals and certifying that the case involves a question of law which ought to be reviewed by the Court of Appeals.